IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN THORNTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 06-76 |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 4th day of January, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for SSI on January 16, 2004, alleging disability due to hand mobility problems, migraines, difficulty sleeping, depression and heart palpitations. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on February 16, 2005, at which plaintiff appeared represented by counsel. On May 17, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on November 25, 2005, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 50 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a high school education and an associate's degrees in the areas of medical transcription and medical secretary. Plaintiff has past relevant work experience as a sales person in a department store and in a candle shop, but she has not engaged in substantial

AO 72
(Rev. 8/82)

gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of depression and migraine headaches, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels with a number of other non-exertional limitations. Plaintiff is limited to work that involves only simple job instructions and that does not involve decision making and competitive rate pace because of stress. In addition, she requires work that avoids rapid hand movements, fine dexterity and fast reading. Further, plaintiff is limited to work that does not involve close interaction with co-workers, large groups of people and crowds. Finally, plaintiff requires work that consists only of simple, repetitive tasks (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work

that exists in significant numbers in the national economy, such as a surveillance monitor, document preparer and work in tele-services. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding by alleging that he gave inadequate weight to the opinions of plaintiff's treating psychologist, Dr. Kristina Bogovich, and her treating psychiatrist, Dr. P.K. Mullick. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the ALJ correctly concluded that neither Dr. Bogovich's opinion

nor Dr. Mullick's opinion was entitled to controlling weight.

As an initial matter, the ALJ summarized the medical records provided by Dr. Bogovich and Dr. Mullick. (R. 18). The ALJ determined that their respective opinions were not entitled to controlling weight because those opinions were inconsistent with other evidence in the record and plaintiff's activities of daily living. (R. 20).

Dr. Bogovich completed a form report on behalf of plaintiff entitled "Medical Assessment of Ability to do Work-Related Activities (Mental)." Dr. Bogovich rated plaintiff's ability to make occupational adjustments, performance adjustments and personal/social adjustments in fifteen different areas. According to Dr. Bogovich, plaintiff has poor or no ability in fourteen of the categories, and the doctor stated that plaintiff is not capable of working on a full-time basis due to mental health difficulties. (R. 171-73). However, the severe limitations identified by Dr. Bogovich on the form report are not reflected in her treatment notes for the period beginning March 10, 2004 through January 12, 2005, in which she consistently reported that plaintiff was making progress. (R. 174-82). Dr. Bogovich's notes indicate that plaintiff was having better experiences in interpersonal relationships, she was happier with her personal life and happier with herself, her emotions were more in control, she was sleeping better and she generally was happier than she had been in years. (R. 176-79). Nothing in the treatment notes demonstrate that plaintiff is restricted to the degree Dr.

Bogovich indicated on the form report, thus the ALJ properly concluded that Dr. Bogovich's opinion was not entitled to controlling weight.

The ALJ likewise determined that Dr. Mullick's opinion was not entitled to controlling weight. Dr. Mullick also completed a form report on behalf of plaintiff entitled "Medical Assessment of Ability to do Work-Related Activities (Mental)." Although Dr. Mullick rated plaintiff as having fair ability to perform in ten out of fifteen categories related to occupational, performance and personal/social adjustments, he nonetheless stated that she is unable to function due to depression and panic attacks. (R. 167-69). Dr. Mullick's conclusion that plaintiff is unable to function is inconsistent with his assessment of plaintiff's capabilities, as a rating of "fair" means that one's ability to function in an area is limited but satisfactory.[1] (R. 167). Furthermore, Dr. Mullick's treatment notes do not indicate that plaintiff is incapable of functioning in a work setting. (R. 190-95). For these reasons, the ALJ did not err in his assessment of Dr. Mullick's opinion.

The court notes that, although the ALJ did not give the

---

[1] The court notes that Dr. Mullick rated plaintiff as having poor ability to relate to co-workers, deal with work stress, function independently, maintain concentration and understand, remember and carry out complex job instructions. (R. 167-68). According to the form report, "poor" means that one's ability to function in an area is seriously limited but not precluded. (R. 167). As explained below, in making the RFC Finding, the ALJ accounted for Dr. Mullick's assessment that plaintiff has poor ability to perform in those areas.

opinions of plaintiff's treating physicians controlling weight, he nonetheless accounted for the limitations they identified in making the RFC Finding. For example, the ALJ accommodated Dr. Mullick's assessment that plaintiff has poor ability to relate to co-workers, deal with work stress, maintain concentration, and understand, remember and carry out complex job instructions by limiting her to work that does not involve close interaction with co-workers, as well as work that involves simple job instructions, avoids decision making and competitive rate pace and consists of simple, repetitive tasks. The ALJ then posed a hypothetical question to the vocational expert that reflected all of plaintiff's impairments and limitations supported by the medical evidence. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Stanley E. Hilton, Esq.
    801 Jonnet Building
    Monroeville, PA 15146

    Megan Farrell
    Assistant U.S. Attorney
    700 Grant Street
    Suite 4000
    Pittsburgh, PA 15219